UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:16-cv-2028-JLS-DFMx                                       Date: November 15, 2016
Title: Advanced Group 16-114 LP v. Robert Davis, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                         Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2016-00876818-CL-UD-NJC

      Plaintiff Advanced Group 16-114 LP filed this unlawful detainer action against Defendant Robert Davis and Does 1-10 on September 22, 2016 in Orange County Superior Court. (Notice of Removal, "Complaint," Doc. 1.) Davis removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Notice of Removal at 2, Doc. 1.) Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)). For the reasons discussed below, the Court *sua sponte* REMANDS this case to Orange County Superior Court.

      Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The Court's subject-matter jurisdiction may be premised on the presence of a federal question, or it may be premised on diversity jurisdiction. 28 U.S.C. §§ 1331–1332. When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:16-cv-2028-JLS-DFMx                             Date: November 15, 2016
Title:  Advanced Group 16-114 LP v. Robert Davis, et al.

*Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Although the Notice of Removal states that a claim in the present action arises under federal law, a review of the complaint reveals that it is a straightforward unlawful detainer action proceeding under state law, which is believed to be subject to a number of federal defenses.  (*See* Notice of Removal ¶ 6 (referring to the "'Protecting Tenants at Foreclosure Act 2009,' 12 U.S.C. § 5220" and articulating that federal law provides for a ninety-day notice period prior to the filing of a foreclosure eviction).)  At best, Defendants rely upon a federal defense to a state-law claim.  The assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction.  *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (setting forth the "well-pleaded complaint rule").  Therefore, the Court has no federal question jurisdiction.

Nor does the present action meet the requirements of diversity jurisdiction.  The Complaint expressly states that the amount in controversy "does not exceed $10,000."  *See* 28 U.S.C. § 1332(a).  Moreover, in the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a resident of the forum state.  Here, Defendant's reported address is the property at issue in this action (located in Fullerton, California), and they are therefore clearly forum defendants who lack the ability to remove a state-court action.  *See* 28 U.S.C. § 1441(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-2028-JLS-DFMxDate: November 15, 2016

Title: Advanced Group 16-114 LP v. Robert Davis, et al.

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case, and REMANDS it to Orange County Superior Court, Case Number 30-2016-00876818-CL-UD-NJC.

Initials of Preparer:  tg